[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises from a dispute regarding damages to real property owned by the plaintiff Jim Stutz and Mr. Stutz' refusal to return a security deposit to the defendant. The original complaint, amended on January 2, 1992, was brought in the name of Jim Stutz and Jerry Litton. At trial it was discovered that Jerry Litton had had an option on the subject property which had expired. The option had not been recorded on the land records. Jerry Litton, however, assisted Mr. Stutz in managing the property. The defendant moved that he be stricken as a party plaintiff. The court denies the motion.
The named defendants are Bert Andren, Joseph Patterson, (hereafter "T.J.") Swedish Motor Works, Inc., and Swedish Automotive Electronics, Inc. The case as to Joseph Patterson was withdrawn on January 13, 1992. On April 13, 1992 the court granted the defendant's Motion for Summary Judgment against Swedish Motorworks, Inc., and Swedish Automotive Electronics, Inc. as the former was incorporated on October 9, 1990 and the latter was not incorporated until January 28, 1991, both of which dates are subsequent to the date of the lease.
The court finds the following facts. Mr. Litton entered into an oral month-to-month lease of commercial property with C. Bert Andren in October 1989, The rent was $750 per month. The premises were to be used for repair of automobile starters and alternators. A security deposit of $750 was given the plaintiffs. CT Page 5780
At the time that Mr. Litton first showed the property to Mr. Andren the latter was accompanied by T.J. Mr. Litton concluded that T.J. worked for Mr. Andren. Mr. Andren paid the monthly rent by issuing checks on the accounts of his businesses Swedish Motor Works, Inc. at 3617 Black Rock Turnpike, Fairfield, Swedish Motor Works of the same address and Swedish Automotive Electronics, Inc. at 3 Edison Street, Bridgeport. Neither Mr. Andren or T.J. paid rent after October 1990. The plaintiffs brought a summary process action in which a stipulation was entered on February 8, 1991. Mr. Andren, who was not accompanied by T.J. acknowledged an arrearage of $4000 plus $200 in costs. A stay of execution was given until March 31, 1991. Pursuant to the stipulation the defendants were to make certain payments. of the $4200 arrearage Mr. Andren paid $1500 on February 13; no other payments were made. The stipulation also provided that "(I)f no damage exists upon vacating, the plaintiff will return the $750 security deposit being held within thirty days to the defendant's attorney. . . ."
The plaintiffs claim that severe damage was done to the premises. Mr. Litton testified that the damage included the removal of plywood and shelving as well as a compressor and a sink; and the failure to remove such items of debris as heavy-duty oil and a large battery. The plaintiff seeks money damages for the repair of the premises.
The defendant acknowledges that he is obligated to pay the monies called for in the stipulation. He contends, however, that he is not liable for the damages to the property.
The court finds that the premises were damaged by the defendants, but is unable to ascribe a dollar amount to the value of the damages. The plaintiffs failed to submit any admissible evidence as to the cost of the repairs or clean-up. There were no witnesses to testify as to the work they had done and the cost of that work; no invoices or bills; no cancelled checks to show that payment was made to contractors. To recover damages, a claimant has the burden of showing that the lease has terminated; the condition of the premises at the inception of the term; the specific items of damage and the reasonable cost of repairing the items. Gargano v. Heyman, 203 Conn. 616, 623. The plaintiff failed to meet this burden of proof.
For the foregoing reasons the court finds judgment for the plaintiff in the amount of $3750. This is the amount due pursuant to the stipulation for the balance of the arrearage and for use and occupancy for the months of March, April and part of May less the $750 security deposit. Interest claimed by the plaintiff in the amount of $305.41 is also awarded. The rule in Connecticut is that absent contractual or statutory authorization, each party must pay its own attorneys' fees. Gino's Pizza of East Hartford, Inc. v. Kaplan, CT Page 5781193 Conn. 135, 140. The court cannot award punitive damages as the plaintiff has not stated a cause of action which would give rise to such an award.
Leheny, J.